NEW YORK TITLE AND MORTGAGE COMPANY, Appellant,
v. TITLE GUARANTEE AND TRUST COMPANY, Respond-
ent, Impleaded with Others.

*Fraud — one who receives money in good faith in payment of a debt due
to it and without notice of fraud not liable at suit of one from whom
money was fraudulently procured.*

N. Y. Title & Mortgage Co. v. Title Guarantee & Trust Co., 206
App. Div. 490, affirmed.

(Argued February 27, 1924; decided April 1, 1924.)

APPEAL from a judgment, entered December 19, 1923,
upon an order of the Appellate Division of the Supreme
Court in the first judicial department, reversing a judg-
ment in favor of plaintiff entered upon a decision of the
court on trial at Special Term and directing a dismissal
of the complaint. The action was to recover from
defendant Title Guarantee and Trust Company money
paid to it in satisfaction of a debt due it by defendant
Stainton which money, plaintiff alleged, was procured
from it through the fraud of said Stainton. The Appel-
late Division held that the Title Guarantee and Trust
Company acted in good faith and without any notice
of fraud.

*James R. Deering* for appellant.

*Lynn C. Norris* and *Edward M. Perry* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE FARMERS' LOAN AND TRUST COMPANY, as Trustee
under a Deed of Trust Made by EDWARD SCHULZE
et al., Respondents, v. DAISY E. SCHULZE, Respondent,
and OLLIE B. STRONG et al., Appellants, Impleaded
with Others.

*Trusts — construction of trust deed — disposition of accumulated surplus.*

Farmers' Loan & Trust Co. v. Schulze, 207 App. Div. 812, affirmed.

(Argued February 27, 1924; decided April 1, 1924.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial

department, entered October 25, 1923, affirming a judgment in favor of defendant, respondent, entered upon the report of a referee. Under date of April 4, 1914, Edward Schulze, deceased, entered into an agreement with the defendant, Daisy Evelyn Schulze, his wife, and the Farmers' Loan and Trust Company, under which a trust fund of $50,000 was created, to be held and paid out fifty dollars weekly to the wife, and on the death of the husband the trustee was directed to convey, transfer and set over unto the party of the second part said trust fund, to be hers absolutely; the husband having died, this action was brought by the trustee to obtain a direction as to the disposition of the surplus in its hands over the amount of the trust fund.

*Richard E. Weldon* and *Randolph Sailer* for appellants.
*Herbert Noble, Alex M. De Haven, Hartwell P. Heath* and *James H. Kirkpatrick* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

----

In the Matter of the Accounting of the NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Administrator with the Will Annexed of STEPHEN W. WHITNEY, Deceased.

AMERICAN SURETY COMPANY OF NEW YORK, Appellant; GEORGE P. WHITNEY, Respondent.

*Decedent's estate — agreement by legatee to pay sum of money out of his share of his estate — when does not constitute assignment so as to authorize surrogate to direct administrator to pay amount.*

*Matter of Whitney*, 206 App. Div. 582, affirmed.

(Argued February 27, 1924; decided April 1, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1923, which reversed a decree of the Albany County Surrogate's Court directing the payment to appellant of the sum of $10,000 out of the respondent's